UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANTHONY J. GENOVA, JR.

                Plaintiff(s),

  -against-

THE COUNTY OF NASSAU AND THE NASSAU COUNTY
COMPTROLLER, GEORGE MARAGOS

                Defendants,
------------------------------------------------------------------------x

Date Filed:

**COMPLAINT**
Case No.:

The plaintiff alleges as follows:

    1.    This action is bought pursuant to the Americans with Disabilities act of 1990 42 USC § 12101 et seq and 28 USCA § 1343(4). The jurisdiction of this Court is invoked to secure protection and regress deprivation of rights secured by Federal law which prohibit discrimination against employees because of their disability.

    2.    Plaintiff Anthony J. Genova, Jr. was formerly a full time employee with the Comptroller of the County of Nassau and was employed commencing on or about December 14, 2014. Anthony J. Genova, Jr. is a resident of Nassau County, New York. He is also a citizen of the United States.

    3.    Prior to the plaintiff's employment with the Comptroller of the county of Nassau, he told the Comptroller, George Maragos, up front, that he was a sufferer of Crohn's disease, from which disease he had been suffering for many years. However, during all of the time that Mr. Genova was suffering from the aforesaid Crohn's disease, he was gainfully employed and took time off from his employment, only when he was required to undergo short hospital visits. At the time of his interview with George Maragos, the Nassau County Comptroller, he said that

he had no problem with his sickness but that he required an employee applying for Mr. Genova's position of deputy comptroller to have a full college degree. Because Mr. Genova had not completed a bachelor's degree, Mr. Maragos instructed Mr. Genova to complete his college degree and reapply. Mr. Genova then matriculated at SUNY Old Westbury and after he completed his studies he was awarded a Bachelor of Science degree.

That thereafter plaintiff reapplied to the office of the Nassau County Comptroller, and specifically to the Nassau County Comptroller himself, the defendant, George Maragos.

4. That thereafter, plaintiff undertook his employment, but not as a deputy comptroller as promised by the defendant Maragos, but simply as an employee of the comptroller's office rather than Deputy Comptroller, during which time he performed all tasks assigned to him in a wholly professional, competent, and excellent manner. That thereafter in June of 2015, plaintiff notified the Comptroller's Executive Assistant that the plaintiff required a short hospital stay because of a slight flare of his Crohn's disease. Plaintiff then returned to work a few days later and performed all of his duties well.

5. That thereafter, in September of 2015, plaintiff required Crohn's surgery and was hospitalized for several weeks. When plaintiff returned, he performed all of his duties professionally and completely.

6. That thereafter and on or about the 20th day of September, 2015, the defendant, Mr. Maragos, assigned plaintiff a new position as a "confidential assistant" of the Chief Deputy Comptroller, James Garner.

7. In December of 2015, plaintiff went for a second surgery, but returned to work one week later, again performing all of his duties excellently and professionally.

8. That thereafter and on or about March 14, 2016, the defendant terminated plaintiff's employment under the feigned excuse that his work was deficient from the start—a totally false charge.

9. That thereafter plaintiff filed a Civil Rights violation charge with the EEOC.

10. That in response to the charge of a violation of his civil rights made by the plaintiff to the EEOC, the Comptroller's office alleged that during his employment the plaintiff was commissioned with two projects that were of poor quality and were never utilized or published for public consumption, and that the plaintiff was unable to overcome his deficiencies and was therefore ultimately terminated. This was totally false.

11. That the answer above made by the Nassau County Comptroller, through his attorney, Biseeglie & Associates, P.C., is false in every respect and that the plaintiff is a highly qualified person with long-standing, highly professional credentials as a home-mortgage expert.

12. That in accordance with his talents and abilities, the plaintiff is well respected in the home mortgage field and he has given numerous seminars in different areas of the State of New York, and continues to give seminars in home mortgage issues based upon his reputation as one of the most competent persons in this field.

13. That following the plaintiff's initial employment with the Comptroller's office of Nassau County, New York, he completed the two assignments given to him in a totally professional manner, but the Comptroller simply sat on the reports and failed to comply with the recommendations made therein, and sat on said reports doing absolutely nothing with them.

14. That the experience of the plaintiff with respect to the foregoing is far superior to that of the Nassau County Comptroller or any of his assistants, and plaintiff is more

knowledgeable than the Comptroller or any of his assistants in the field of home mortgages, which is the field for which the plaintiff was specifically hired.

15. That the County of Nassau is a municipal corporation and is an employer within the meaning of the federal statute, and has more than 25 employees and is located within the jurisdiction of this Court.

16. The plaintiff has exhausted all administrative remedies in order to bring this action. He filed a charge of discrimination with the EEOC on or about September 2, 2016. The Commission issued plaintiff a right to sue letter on July 7, 2017, simultaneously advising plaintiff that he had 90 days to commence this lawsuit from the date he received the letter from the EEOC dated July 7, 2017.

17. The defendants violated the Americans with Disabilities Act of 1990 by terminating the plaintiff, obviously because of his infliction with Crohn's disease, and the plaintiff is an individual with a disability.

18. That plaintiff requests a trial by jury,

WHEREFORE, the plaintiff respectfully prays that this Court advance this case on the docket, order a hearing at the earliest, practicable date and upon a hearing, to grant the plaintiff an Order requiring the defendant to reinstate the plaintiff to his former job position and to make the plaintiff whole with appropriate back-pay, lost seniority, life insurance, fringe benefits, including medical insurance, and pre-judgment interest and otherwise, and award the plaintiff the costs of this action including reasonable attorney's fees and any such further relief as to this Court may deem just and proper and equitable.

Dated: Lake Success, New York
       August 3, 2017

                                        Yours, etc.
                                        SWEETBAUM & SWEETBAUM

                                        By: _____
                                             Marshall D. Sweetbaum

Attorney for Plaintiff
3000 Marcus Avenue, Suite 3W6
Lake Success, New York 11042
(516) 352-1922