FILED
CLERK
2/19/2020 12:27 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANTHONY J. GENOVA,

    Plaintiff,

       v.

THE COUNTY OF NASSAU and
NASSAU COUNTY COMPTROLLER,
GEORGE MARAGOS,

    Defendants.
-----------------------------------------------------------------x

Case No.: 17-cv-4959 (SJF)(AYS)
**ORDER ADOPTING REPORT & RECOMMENDATION**

FEUERSTEIN, Senior District Judge:

I.    <u>Introduction</u>

Plaintiff Genova ("Plaintiff") commenced this action against Defendants the County of Nassau (hereafter, the "County") and former Nassau County Comptroller George Maragos ("Maragos"; together with the County, the "Defendants") claiming employment discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12112(a) (the "ADA"). (*See* Complaint, ECF No. 1.) The Defendants denied Plaintiff's allegations, raising multiple affirmative defenses (*see* Answer (ECF No. 10)). Thereafter, they moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, asserting, *inter alia*, that Defendants had a nondiscriminatory reason to terminate Plaintiff (hereafter, the "Summary Judgment Motion") (*see* ECF No. 21), which the Plaintiff opposed (hereafter, "Opposition" or "Opp'n") (*see* ECF No. 21-8). The Summary Judgment Motion were referred to Magistrate Judge Anne Y. Shields for a Report and Recommendation (*see* July 9, 2019 electronic Order of Referral).

1

Presently before the Court is the Magistrate Judge's December 26, 2019 Report and Recommendation (hereafter, "Report") recommending that the Summary Judgment Motion be granted. (*See* Report (ECF No. 22.) The Plaintiff has filed an objection to the Report (hereafter, "Objection") (*see* ECF No. 23), to which the Defendants have responded (hereafter, "Response") (*see* ECF No. 24). For the reasons that follow, the Court overrules the Plaintiff's objections and adopts Magistrate Judge Shields' Report in its entirety.

II.     Background

Magistrate Judge Shields initially stated that: Defendants "properly filed a statement of facts in accord with Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York" (Report at 1); said statement "properly cites to facts supported by admissible evidence" (*id.*); and, contrary to the requirements of Local Rule 56.1, Plaintiff did not submit the required Rule 56.1 counterstatement, but instead submitted his own affidavit and the sworn statements of three non-party individuals. (*See id.* at 2.) Plaintiff's noncompliance with Local Rule 56.1 resulted in the relevant facts being "deemed admitted by Plaintiff" with Magistrate Judge Shields taking those facts solely from Defendants' Rule 56.1 Statement. (*Id.* (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003); *Nassar Family Irrevocable Tr. v. United States*, Nos. 13-cv-5680, 13-cv-8174, 2016 WL 5793737, at *1 n.2 (S.D.N.Y. Sept. 30, 2016); *Luizzi v. Pro Transp. Inc.*, No. 02-cv-5388, 2009 WL 252076, at * 2 (E.D.N.Y. Feb. 2, 2009).)

Thereafter, the Magistrate Judge stated the relevant facts and the procedural history underlying this action. (*See* Report at Part II.) Plaintiff does not object to Magistrate Judge Shields' delineation of the case's procedural history, but objects to her deeming the relevant facts as being unopposed. The crux of Plaintiff's Objection is that Magistrate Judge Shields erred in deeming the facts unopposed, arguing that there are disputed facts which preclude the granting of

summary judgment. Plaintiff's objections are overruled and Part II of Magistrate Judge Shield's Report, which is the Facts section of the Report, is adopted in its entirety and incorporated herein by reference, with the Court assuming the Parties' familiarity therewith. However, for the reader's convenience, the Court provides a brief summary.

Plaintiff suffers from Crohn's Disease. In 2014, Plaintiff interviewed for a position with the Office of the Controller; during that process, he represented that he was able to perform the duties of the position, but never indicated he had Crohn's Disease or that he required any accommodations. The County hired Plaintiff in December 2014 as an Inspector, which is an at-will, non-union job. Part of Plaintiff's duties was preparing two reports for Maragos: one regarding abandoned homes in the County (the "Abandoned Homes Report") and the other regarding surplus properties in the County (the "Surplus Property Report"; together with the Abandoned Homes Report, the "Reports"). Maragos reviewed the Reports, made comments, and requested revisions to them several times. In early August 2015, Maragos was still not satisfied with the Surplus Property Report and, identifying the deficiencies in that Report, he conveyed his dissatisfaction to Plaintiff via email. Over a week later, Maragos sent Plaintiff a follow-up email stating, *inter alia*, that a comprehensive report was needed without delay. On March 14, 2016, Plaintiff was terminated for poor work performance.

During his employment, in July 2015, Plaintiff took time off for medical treatment for his Crohn's Disease. In response, *inter alia*, Maragos instructed his staff to do all it could for Plaintiff within the County's policies. During his tenure with the County, Plaintiff never requested an accommodation due to his Crohn's Disease or reporting being subjected to a hostile work environment.

III. <u>Applicable Standards</u>

*A. Report and Recommendation Standard of Review*

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. *See* Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

*B. Motion for Summary Judgment Standard*

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *accord Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to

a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); *see also Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) ("On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (emphasis added; internal quotations and citation omitted)).

In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party," *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (quotations, alterations and citation omitted), and "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019) (quotations and citation omitted); *see also Hancock v. County of Rensselaer*, 823 F.3d 58, 64 (2d Cir. 2018) ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party."). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)); *accord Baez v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015).

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted); *accord Jaffer*, 887 F.3d at 114. "[W]hen the moving party has carried its burden[,] . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [,]" *Scott v. Harris*, 550 U.S. 372,

380 (2007) (quoting *Matsushita Elec.*, 475 U.S. at 586-87), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (quotations and citation omitted). The nonmoving party can only defeat summary judgment by "adduc[ing] evidence on which the jury could reasonably find for that party." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012) (quotations, brackets and citation omitted). "'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat a summary judgment motion[,]" *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)), and "[a] court cannot credit a plaintiff's merely speculative or conclusory assertions." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012); *see also Federal Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) ("[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (quoting *Fletcher v. Alex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995))); *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) ("While we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, . . . conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment[.]" (quotations, alterations and citations omitted)). Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] . . . [i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (quotations and citations omitted).

In employment discrimination cases, "'an extra measure of caution is merited' in granting summary judgment because 'direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions.'" *Barella v.*

*Village of Freeport*, 16 F. Supp.3d 144, 155 (E.D.N.Y. 2014) (quoting *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 603 (2d Cir. 2006); further citation omitted); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001). Yet, even in employment discrimination cases, to resist a summary judgment motion, "a plaintiff must provide more than conclusory allegations . . . ." *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008); *see also Chioke v. Dep't of Educ. of City of N.Y.*, No. 15-cv-1845, 2018 WL 3118268, at * 7 (E.D.N.Y. June 25, 2018) (quoting *Holcomb*). Indeed, "the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997); *see also Daeisadeghi*, 2019 WL 331637, at *5 (quoting *Stern*; collecting cases).

    C. *Local Rule 56.1 Statements*

When moving for summary judgment, in addition to complying with the Federal Rule of Civil Procedure 56, the parties must comply with Local Rule 56.1 of the United States District Courts of the Southern and Eastern Districts ("Local Rule 56"). As the Second Circuit has instructed, the Local Rule 56 "requirement is strict". *T.Y. v. N.Y. City Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009). Among other things, it:

> requires that any motion for summary judgment be accompanied by a list of the "material facts as to which the moving party contends there is no genuine issue to be tried." S.D.N.Y. & E.D.N.Y. R.56.1(a). The *nonmoving party must respond to each numbered allegation in the moving party's statement* and include, if necessary, a statement of the additional material facts, as to which a genuine issue exists. S.D.N.Y. & E.D.N.Y. R. 56.1(b). In the typical case, *failure to respond to a Rule 56.1 statement results in a grant of summary judgment* once the court assures itself that Rule 56's other requirements have been met. *T.Y. v. N.Y. City Dep't of Educ.*, 584 F.3d 412, 417-418 (2d Cir. 2009).

7

*Parris v. Acme Bus Corp.*, 956 F. Supp. 2d 384, 392 (E.D.N.Y. 2013)(emphasis added).

Furthermore, Local Rule 56.1(c) requires:

> Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party *will be deemed to be admitted* for purposes of the motion *unless **specifically** controverted **by a corresponding numbered paragraph*** in the statement required to be served by the opposing party.

(Italicized and boldface emphases added); *see also Giannullo*, 322 F.3d at 140 ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citations omitted)); *Taylor & Fulton Packing, LLC v. Marco Intern. Foods, LLC*, No. 09-cv-2614, 2011 WL 6329194, at *4 (E.D.N.Y. Dec. 16, 2011)("Where a nonmovant . . . files a deficient statement, courts frequently deem all supported assertions in the movant's statement admitted and find summary judgment appropriate." (footnote omitted)). Moreover, to specifically controvert a statement of material fact, a nonmovant is required to do so with specific citation to admissible evidence. *See* Local Rule 56(d); *see also Ezagui v. City of N.Y.*, 726 F. Supp.2d 275, 285 n.8 (S.D.N.Y. 2010)(noting statements which a nonmovant does "not specifically deny–with citations to supporting evidence–are deemed admitted for purposes of [movant's] summary judgment motion") (collecting cases); *Universal Calvary Church v. City of N.Y.*, No. 96-cv-4606, 2000 WL 1745048, *2 n.5 (S.D.N.Y. Nov. 28, 2000). As the Second Circuit has observed, "'where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion.'" *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73-74 (2d Cir. 2001) (quoting *Watt v. N.Y. Botanical Garden*, No. 98-cv-1095, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000); further citations omitted), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). Indeed, "[w]here . . . the record

does not support the assertions in a Local Rule 56.1 statement, those assertions should be disregarded and the record reviewed independently." *Id.* (citing *Zanghi v. Inc. Village of Old Brookville*, 752 F.2d 42, 47 (2d Cir. 1985)) (footnote omitted). Relatedly, it is not the role of the Court to search the summary judgment record for evidence supporting a nonmovant's opposition. *See N.Y.S. Teamsters Conf. Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005)(recognizing authority of district courts to institute local rules governing summary judgment submissions, which permits courts "to efficiently decide" such motions "by relieving them of the onerous task of 'hunt[ing] through voluminous records without guidance from the parties'" (further citations omitted)); *Ford v. Ballston Spa Cent. Sch. Dist.*, Nos. 05-cv-1198, 05-cv-1199, 2008 WL 697362, at *3 (N.D.N.Y. Mar. 13, 2008) (same).

D. *Employment Discrimination Pursuant to the ADA*

In her Report, Magistrate Judge Shields correctly stated the applicable law regarding employment discrimination claims pursuant to the ADA. (*See* Report, Discussion, Part II (pp.10-14).) Neither party objected to the applicable law as stated; therefore, it is adopted and restated herein:

> A. ADA Discrimination
>
> The ADA makes it unlawful for employers to discriminate against employees on account of a disability. 42 U.S.C. § 12112(a). In order to establish a *prima facie* case of ADA discrimination, a plaintiff must show that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability. *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013); *Scalercio-Isenberg v. Morgan Stanley Svcs. Grp, Inc.*, No. 19-6034, 2019 WL 6916099, at *5 (S.D.N.Y. Dec. 19, 2019); *Bethea v. JP Morgan Chase & Co.*, No. 15-3544, 2019 WL 4805141, at * 6 (E.D.N.Y. Sept. 30, 2019).
>
> Defendants' motion puts in issue the second and fourth elements of Plaintiff's *prima facie* case – whether Plaintiff suffered

from a disability within the meaning of the ADA, and causation, *i.e.*, whether his termination occurred because of that disability.

    i. Disability

A disability under the ADA is defined as:
(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
(B) a record of such an impairment; or
(C) being regarded as having such an impairment . . . .

42 U.S.C. § 12102(1).

"Major life activities" include, among other things, caring for oneself, performing manual tasks, sitting, lifting, bending, concentrating, working, and thinking. 29 C.F.R. § 1630.2(i). Whether an impairment "substantially limits" major life activities is to be "construed broadly," but "not every impairment will constitute a disability." *Id.* § 1630.2(j). * * * [A]s the statute makes clear, the definition of disability under the ADA is to be "construed in favor of broad coverage of individuals . . . to the maximum extent permitted by the terms of" the statute. 42 U.S.C. at § 12102(4)(A).

    ii. Causation: Adverse Employment Action Because of Disability

The ADA prohibits discrimination "on the basis of" disability. 42 U.S.C. § 12112(a). The Second Circuit has concluded that this language requires an ADA plaintiff to "prove that discrimination was the but-for cause of any adverse employment action." *Natofsky v. City of New York*, 921 F.3d 337, 349 (2d Cir. 2019). Thus, at the summary judgment stage, a plaintiff must present evidence from which a reasonable fact-finder could conclude that, but for the claimed disability, the adverse action would not have taken place. *Id.* at 351; *Clay v. County of Suffolk*, No. 17-2251, 2019 WL 4346446, at n.5 (E.D.N.Y. Sept. 11, 2019). The "but for" causation standard "is not equivalent to a requirement that age was the employer's only consideration," but, instead that the adverse employment "would not have occurred without it." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 168 (2d Cir. 2014).

Where a Defendant shows ample non-discriminatory evidence supporting an employment decision, it is appropriate to hold that no reasonable juror could find but-for causation. *See e.g., Natofsky*, 921 F.3d at 351. Moreover, where a case presents nothing more than a mixed motive theory of discrimination, dismissal is required. *Cf. Hooper v. PetSmart, Inc.*, No. 18-CV-1706, 2019 WL 4888651, at *5 (E.D.N.Y. Sept. 30, 2019) (denying motion to amend ADEA claim requiring but-for

10

causation where plaintiff's pleading show mixed motives for employment action).

[B]. The McDonnell-Douglas Framework

Courts apply the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether claims asserted pursuant to the ADA survive summary judgment. *Clay v. County of Suffolk*, No. 17-CV-2251, 2019 WL 4346446, at *10 (E.D.N.Y. Sept. 11, 2019); *Patacca v. CSC Holdings, LLC.*, No. 16-[cv-]0679, 2019 WL 1676001, at * 7 (E.D.N.Y. Apr. 17, 2019); *Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp.3d 232, 255 (E.D.N.Y. April 23, 2015). Pursuant to that framework, a plaintiff opposing summary judgment must demonstrate a *prima facie* case of discrimination as set forth above. The Court notes that the burden of showing a *prima facie* case is "not onerous." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Indeed, that burden "has been frequently described as minimal." *Rodriguez v. Nassau County*, No. 16-cv-2648, 2019 WL 4674766, at *10 (E.D.N.Y. Sept. 25, 2019) (quotations omitted).

Once a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for the complained of action. *Id.* "Upon the defendant's articulation of . . . a non-discriminatory reason for the employment action, the presumption of discrimination arising with the establishment of the *prima facie* case drops from the picture," and the burden shifts back to the plaintiff to "come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." *Id.*

As recently set forth by the Second Circuit in a case where a plaintiff was required to show but-for causation, to establish pretext "a plaintiff must establish that the employer's stated reason would not, alone, constitute a sufficient basis for pursuing an adverse action. In other words," it must be shown that "the employer's stated non-discriminatory reason is either false or inadequate to support the adverse employment action." *Naumovski v. Norris*, 934 F.3d 200, 214-15 (2d Cir. 2019); *see also id.* at 216 (stating that plaintiff's burden at the third stage of the McDonnell Douglas analysis is "to establish that discrimination played . . . a decisive role," *i.e.*, that "a reasonable jury could find that Defendants would not have terminated [plaintiff] based on their stated reasons alone"); *Clay*, 2019 WL 4346446, at *12. Ultimately, the burden of persuading the trier of fact as to intentional discrimination remains with the plaintiff. At the summary judgment stage, he must show that "the evidence, taken as a whole, is sufficient to support a reasonable inference that

11

> prohibited discrimination occurred." *Clay*, 2019 WL 4346446, at *12.
>
> Often, the question of whether plaintiff meets the *prima facie* burden of demonstrating an inference of discrimination is "indistinguishable from the question of whether the employer's actions served merely as a pretext for some disguised discriminatory animus towards the plaintiff." *Chioke v. Dep't. of Educ. of the City of New York*, No. 15-1845, 2018 WL 3118268, at *7 (E.D.N.Y. June 25, 2018) (quoting *Jimenez v. Donahoe*, 968 F. Supp. 2d 609, 618 (S.D.N.Y. 2013)). Therefore, "[d]espite the elaborate process set up in *McDonnell Douglas*, Second Circuit case law makes clear that a court may simply assume that a plaintiff has established a *prima facie* case and skip to the final step in the *McDonnell Douglas* analysis, as long as the employer has articulated a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* (citation omitted). *Ultimately*, as noted, *the question is whether the evidence relied upon in opposition to summary judgment allows a reasonable fact-finder to determine that defendant engaged in discriminatory conduct*. *Patacca*, 2019 WL 1676001, at *6.

(Report at 10-14 (emphasis added).)

IV. Discussion

*A. Magistrate Judge Shields' Report & Recommendation*

Magistrate Judge Shields quickly eliminated the Defendants' first basis for an award of judgment. (*See* Report at 14.) Finding Plaintiff's Crohn's Disease is a disability, the Magistrate Judge stated that "[t]he mere fact that Plaintiff was able to work without accommodation does not lead to the automatic conclusion . . . that Plaintiff is not disabled." (*Id.*) As to the second basis, the 'inference/pretext' argument, based upon Plaintiff's failure to submit a Rule 56.1 counterstatement, Magistrate Judge Shields found Plaintiff was deemed to have admitted that he was terminated for poor work performance as stated in Defendants' Rule 56.1 Statement, thereby failing to meet his burden. (*See id.* (citing Defs.' Rule 56.1 Stmt., ¶23).) The Magistrate Judge also examined Plaintiff's affidavit and the sworn statements of three, non-parties that Plaintiff submitted in his attempt to meet his burden of showing an inference and/or pretext. (*See id.* at

12

16-19.) After thoroughly examining each statement, though, she found them wanting, stating that "[a]t best, the documents submitted to show pretext do nothing more than show disagreement with Maragos's conclusion regarding the quality of Plaintiff's work" which "difference of opinion [is] regard[ed as] a question of business judgment" that "is insufficient to show pretext." (*Id.* at 19 (citing *Greene v. Brentwood Union Free Sch. Dist.*, 966 F. Supp.2d 131, 156 (E.D.N.Y. 2013) (stating that a court considering preferred evidence of pretext is not a "roving commission to review business judgments")).) Thus, even with consideration of Plaintiff's proffered evidence, "no reasonable juror could find that Plaintiff would not have been terminated based upon the stated reason alone," warranting summary judgment in Defendants' favor. (*Id.*)

    *B. The Plaintiff's Objection*

The essence of Plaintiff's objection is that, notwithstanding submitting affidavits of both Plaintiff and his counsel, as well as the statements of three non-parties, because Plaintiff did not submit the requisite Rule 56.1 counterstatement and, therefore did not specifically state his objections to Defendants' Rule 56.1 statements, Magistrate Judge Shields improperly deemed the Defendants' statement that Plaintiff was terminated for poor work performance unopposed warranting the granting of summary judgment in the Defendants' favor. (*See* Opp'n at 2 ("While plaintiff's opposition did not specifically state that his objections were made pursuant to Rule 56.1, the plaintiff set forth in the affidavits of both counsel for the plaintiff and the plaintiff himself, the supporting affidavits and Mr. Hernandez' sworn statement, who are not parties to the litigation, facts that essentially dispute the defendants' contentions."); *see also id.* at 3 ("Based upon . . . all of the affidavits submitted in opposition to the motion, it is submitted that those affidavits essentially complied in substance with the requirements of Rule 56.1. There can

13

be no question that all of the plaintiff's opposing papers were in direct opposition to the summary judgment motion and specifically noted that disputed issues of fact existed which required a trial of those issues."); *see also id.* at 5 ("[T]he opposing papers clearly demonstrated that material disputed issues of fact were presented to the Court by the plaintiff in opposition to the defendants' motion . . . ."); *see also id.* at 8 ("While the plaintiff may not have submitted in his opposition the specific statement required by Rule 5[6.]1, it is submitted that a mere failure to formally make such a statement is unnecessary since it is the substance of the opposition that counts and not mere verbiage."); *see also id.* at 10-11 (asserting that Magistrate Judge Shields "totally overlooked" plaintiff's Opposition memorandum, in which "both disputed and undisputed facts are set forth, which the plaintiff submits is substantially in compliance with Rule 56.1"); *see also id.* at 13 ("[T]he [O]pposition of the summary judgment motion was more than sufficient to demonstrate that disputed issues of fact remained open and what they consisted of could only be resolved in a jury trial.").)  Plaintiff further complains that Magistrate Judge Shields did not consider the affidavits and statements submitted by Plaintiff in support of his Opposition.  (*See id.* at 7, 10.)

### C. The Defendants' Response

Not surprisingly, the Defendants respond that "Plaintiff's Objections fail to show any error by Magistrate Shields."  (Response at 2.)  Rather, they contend that

> while Magistrate Shields did exercise her discretion to find that Plaintiff admitted the facts as alleged by Defendants, she also reviewed and considered the affidavits on which Plaintiff relies to assert that his failure to comply with Rule 56.1 should be overlooked.  Magistrate Shields properly found those affidavits to be insufficient to defeat the Defendants' [Summary Judgment Motion].

(*Id.*; *see also id.* at 3, 6.) They further argue that Magistrate Judge Shields "was well within her authority in deeming the facts as submitted by Defendants to have been admitted by Plaintiff," but, in any event, she "reviewed in depth the affidavits submitted by Plaintiff and found them wanting." (*Id.* at 3.) Therefore, even if the Magistrate Judge "found, as Plaintiff contends, that those affidavits 'essentially complied in substance with the requirements of Rule 56.1,' it would not have changed the outcome" since Plaintiff bore the burden of producing admissible evidence showing that the reason proffered by Defendants for Plaintiff's termination was a pretext and Magistrate Judge Shields found none of Plaintiffs' submissions sufficient to meet that burden. (*Id.* at 4 ("Plaintiff asserts that he met this burden by submitting a notarized letter addressed 'To Whom It May Concern' from a former employee of [the County] who had no involvement with any of the work performed by Plaintiff . . . , and two affidavits from individuals who were not employed by [the County]. As Magistrate Shields correctly found, none of these submissions are sufficient to defeat the [Summary Judgment] Motion.").)

  *D. The Court's Consideration of Plaintiff's Objections*

  Plaintiff's objections are without merit. This District's relevant Local Rules are clear that "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party *will be deemed to be admitted* for purposes of the motion *unless specifically controverted by a corresponding numbered paragraph* in the statement **required** *to be served by the opposing party*" (Local Rule 56.1(c) (emphases added)) and that each such statement "***must** be followed by citation to evidence* which would be admissible . . . ." (Local Rule 56.1(d) (emphases added).) It is well-established that failure to comply with the requirements of Local Rule 56.1 is a basis for granting summary judgment. *See, e.g., T.Y.*, 584 F.3d at 418 ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court

15

to conclude that the facts asserted in the statement are uncontested and admissible. In the typical case, failure to respond results in a grant of summary judgment once the court assures itself that Rule 56's other requirements have been met." (citations omitted)); *see also supra*, Part III(C). (discussing applicable law and collecting cases).

As Magistrate Judge Shields correctly reported, Plaintiff failed to comply with Local Rule 56.1's requirement of submitting a counterstatement. Therefore, it was appropriate for her to deem the Defendants' Rule 56.1 statements of fact as admitted. In turn, since Plaintiff was deemed to have admitted that his termination was based upon his poor work performance (*see* Rule 56.1 Stmt., ¶23), Magistrate Judge Shields did not err in concluding that Plaintiff failed to meet his burden of showing the Defendants' proffered reason for Plaintiff's termination was a pretext for ADA-based discrimination.

While Plaintiff concedes his noncompliance with Local Rule 56.1, he argues he has substantially complied with same by virtue of the arguments and facts presented in his Opposition memorandum, as well as the submissions of his affidavit and that of his counsel, and the three sworn statements of the non-parties. His argument is unavailing for several reasons.

First, to the extent the Plaintiff would have the Court overlook his noncompliance with Local Rule 56.1 by asking it to consider facts into his Opposition memorandum, that attempt fails. "A memorandum of law is not a proper vehicle through which to present facts to the Court." *Hooper v. Berryhill*, No. 15-cv-6646, 2017 WL 927843, *1 n.3 (S.D.N.Y. Mar. 8, 2017); *see also Giannullo*, 322 F.3d at 142 (stating that a memorandum of law "is not evidence at all"); *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009)("An attorney's unsworn statements in a brief are not evidence."); *Griffin v. Sheeran*, 767 F. App'x 129, 133 (2d Cir. 2019)(quoting *Kulhawik*).

Second, to the extent Plaintiff would have the Court construe his counsel's affidavit (*see* Sweetbaum Aff. (ECF No. 21-6); hereafter, the "Sweetbaum Affidavit") as a Rule 56.1 counterstatement, the Court declines to do so as it, too, does not comport, substantially or otherwise, with the requirements of Local Rule 56.1, and, in any event, is deficient in many respects. For example, Sweetbaum's paragraphed statements do not correspond to the Defendants' paragraphed statements of fact in their Rule 56.1 Statement. *See* Local Rule 56.1(b) ("The papers opposing a motion for summary judgment shall include a *correspondingly numbered paragraph responding to each numbered paragraph* in the statement of the moving part . . . ." (emphasis added)); *cf.* Defs.' 56.1 Stmt., *with* Sweetbaum Affidavit. Further, most of Sweetbaum's paragraphed statements do not cite to any admissible evidence.[1] *See* Local Rule 56.1(d) ("*Each statement* by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, *must be followed by citation to evidence* which would be admissible . . . ." (emphasis added)); *cf.* Sweetbaum Affidavit. Moreover, Sweetbaum's affidavit is not made on personal knowledge as required by Rule 56(c)(4). *See* Fed. Rule Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion *must be made on person knowledge*, set out facts that would be admissible in evidence,

---

[1] In the instances where Sweetbaum cites to entire exhibits, without greater specificity, the Court need not consider them. *See, e.g., Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470-71 (2d Cir. 2002)("[B]ecause nothing in the federal rules mandates that district courts conduct an exhaustive search of the entire record before ruling on a motion for summary judgment, district courts are entitled to order litigants to provide specific record citations."); *EC ex rel. RC v. County of Suffolk*, 882 F. Supp.2d 323, 338 n.5 (E.D.N.Y. 2012)("Mere reference, for example, to an entire deposition is not 'specific'."); *see also* Local Rule 56.1(c) (requiring each numbered paragraph to be "specifically controverted" by the party opposing summary judgment). Indeed, the requirements of Local Rule 56.1 were instituted, in part, to obviate burdening the courts with the onerous task of hunting through voluminous records for evidence supporting a nonmovant's opposition. *See generally, e.g., Patacca*, 2019 WL 1676001, at *17 (ruling it is "not role of the Court to search the summary judgment record for evidence supporting" a party's position)(citations omitted).

and show that the affiant or declarant is competent to testify on the matters stated.")(emphasis added). Similarly, an examination of Plaintiff's Affidavit (*see* ECF No. 21-9) reveals it suffers from the same deficiencies. (*See also* Report at 18 (discussing that in his Affidavit, Plaintiff compared his real estate experience with Maragos's background as an electrical engineer in order to discount Maragos's criticism of Plaintiff's work on the Reports).)

Third, consideration of the sworn statements of Hernandez, Pollack, or Sanchez, the three non-parties, do not establish a pretext that would defeat the Defendants' nondiscriminatory reason for terminating Plaintiff. After carefully considering each of those statements, Magistrate Judge Shields found that "[a]t best" they showed "nothing more than . . . disagreement with Maragos's conclusion regarding the quality of Plaintiff's work." (*See* Report at 19; *see also id.* at 16-17 (examining Hernandez Statement and discussing why it fails to infer discrimination); *see also id.* at 18-19 (examining Pollack's and Sanchez's Statements and discussing why they fail to infer discrimination)). Upon *de novo* review of those Statements, the Court concurs with Magistrate Judge Shields' reasonings and conclusions as to them. As the Defendants aptly state, "Defendants' reason for terminating Plaintiff does not become 'pretextual' merely because Plaintiff, or any third party, disagrees with that reason." (Response at 6 (citation omitted).)

Furthermore, the statements of Hernandez, Pollack and Sanchez are insufficient to defeat the Defendants' Summary Judgment Motion since they were not made upon personal knowledge as required by Rule 56(c)(4).[2] Rather, in addition to Plaintiff's deemed admission that he was terminated because of poor work performance, summary judgment in the Defendants' favor is warranted because "Maragos' dissatisfaction with Plaintiff's work product on the Reports is clearly set forth in documents properly before the Court." (Report at 17.) In sum, viewing all

---

[2] The Hernandez statement may also be subject to hearsay challenges.

the evidence in the light most favorable to Plaintiff, the non-movant, and resolving all ambiguities and drawing all permissible factual inferences in his favor, *see De Xiong Pan v. Wei Plumbing*, No. 12-cv-1781, 2013 WL 6053496, at *5 (S.D.N.Y. Nov. 13, 2013) (citing *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004); *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)) (further citations omitted), upon the record presented, granting summary judgment is appropriate in this instance.

Hence, having considered all of Plaintiff's objections to the Report and conducted a *de novo* review of the record, the Plaintiff's objections are overruled; Magistrate Judge Shields' Report is adopted in its entirely.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Defendants' Summary Judgment Motion is granted; the Clerk of Court is directed to enter judgment in Defendant's favor and then close this case.

IT IS FURTHER ORDERED that the March 19, 2020 Status Conference scheduled for 11:15 a.m. in Courtroom 1010 of the Central Islip Federal Courthouse is marked off the Court's calendar.

Dated this 19th day of February 2020 at Central Islip, New York.

_/s/ Sandra J. Feuerstein_
Sandra J. Feuerstein
United States District Judge