MANDATE

20-1049-cv
*Genova v. Cty. of Nassau, et al.*

## UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1    At a stated term of the United States Court of Appeals for the Second Circuit,
2  held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the
3  City of New York, on the 24th day of March, two thousand twenty-one.
4
5  PRESENT:  RICHARD C. WESLEY,
6         RICHARD J. SULLIVAN,
7         STEVEN J. MENASHI,
8               *Circuit Judges,*
9  _____
10
11  ANTHONY J. GENOVA, JR.,
12         *Plaintiff-Appellant*                    20-1049-cv
13
14               v.
15
16  COUNTY OF NASSAU & GEORGE MARAGOS,
17               *Defendants-Appellees.**
18  _____

*The Clerk of Court is respectfully directed to amend the caption as set forth above.

MANDATE ISSUED ON 04/14/2021

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Marshall Sweetbaum & Joel A. Sweetbaum, Sweetbaum & Sweetbaum, Lake Success, NY |
| **FOR DEFENDANTS-APPELLEES:** | Robert F. Van der Waag, Deputy County Attorney, Mineola, NY |

Appeal from a judgment entered February 21, 2020 by the United States District Court for the Eastern District of New York (Feuerstein, *J*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Anthony J. Genova, Jr. appeals from an order of the district court granting summary judgment in favor of Defendants the County of Nassau and George Maragos, the Nassau County Comptroller (collectively "the County") in this employment discrimination case under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Genova challenges the district court's finding that there were no genuine disputes of material fact and argues that the district court should have gleaned such facts from assorted documents submitted in connection with his opposition to the motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the

1    issues on appeal.  We review the district court's grant of summary judgment *de*

2    *novo*.  *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 168 (2d Cir. 2006).

3            The Americans with Disabilities Act prohibits employers from

4    discriminating "against a qualified individual on the basis of disability in regard

5    to job application procedures, the hiring, advancement, or discharge of employees,

6    employee compensation, job training, and other terms, conditions, and privileges

7    of employment."  42 U.S.C. § 12112(a).  "Claims alleging disability discrimination

8    in violation of the [Americans with Disabilities Act] are subject to the burden-

9    shifting analysis originally established by the Supreme Court in *McDonnell*

10   *Douglas Corp. v. Green*."  *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96

11   (2d Cir. 2009) (citing 411 U.S. 792 (1973)).  There are three steps to this burden-

12   shifting analysis: (1) "[a] plaintiff must establish a prima facie case"; (2) "the

13   employer must offer through the introduction of admissible evidence a legitimate

14   non-discriminatory reason for the discharge"; and (3) "the plaintiff must then

15   produce evidence and carry the burden of persuasion that the proffered reason is

16   a pretext."  *Sista*, 445 F.3d at 169.  Once a Defendant has articulated a legitimate

17   non-discriminatory reason for the challenged employment decision, a plaintiff

18   must "come forward with evidence that the defendant's proffered, non-

1   discriminatory reason is a mere pretext for actual discrimination" or else the court

2   will grant summary judgment for the defendant.  *Weinstock v. Columbia Univ.*, 224

3   F.3d 33, 42 (2d Cir. 2000).  For a plaintiff to defeat a summary judgment motion, it

4   is not enough to "produce simply some evidence" that the employer's proffered

5   reason is pretextual; a plaintiff must produce "sufficient evidence to support a

6   rational finding that the legitimate, nondiscriminatory reason[] proffered by the

7   employer [was] false, and that more likely than not discrimination was the real

8   reason for the discharge."  *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714

9   (2d Cir. 1996) (internal quotation marks and citation omitted).

10      Local Rule 56.1 of the Eastern District of New York requires that "[u]pon

11  any motion for summary judgment pursuant to Rule 56 of the Federal Rules of

12  Civil Procedure, there shall be annexed to the notice of motion a separate, short

13  and concise statement, in numbered paragraphs, of the material facts as to which

14  the moving party contends there is no genuine issue to be tried."  E.D.N.Y. L.R.

15  56.1(a).  Each statement of fact must "be followed by a citation to evidence which

16  would be admissible." E.D.N.Y. L.R. 56.1(d).  Local Rule 56.1 further provides that

17  parties  opposing  a  motion  for  summary  judgment  "shall  include  a

18  correspondingly numbered paragraph responding to each numbered paragraph

1   in the statement of the moving party, and if necessary, additional paragraphs

2   containing a separate, short and concise statement of additional material facts as

3   to which it is contended that there exists a genuine issue to be tried."  E.D.N.Y.

4   L.R. 56.1(b).  Rule 56.1 is strict:  "Each numbered paragraph in the statement of

5   material facts set forth in the statement required to be served by the moving party

6   *will be deemed to be admitted for purposes of the motion unless specifically controverted*

7   *by a correspondingly numbered paragraph in the statement required to be served by the*

8   *opposing party*."  E.D.N.Y. L.R. 56.1(c) (emphasis added); *see also T.Y. v. N.Y.C. Dep't*

9   *of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond

10   to a Rule 56.1 statement permits the court to conclude that the facts asserted in the

11   statement are uncontested and admissible.").

12        The County moved for summary judgment and appropriately supported its

13   motion with a Rule 56.1 statement of facts.  Genova's response, however, was not

14   supported by a corresponding Rule 56.1 statement.  Instead, Genova attached to

15   his opposition brief a notarized letter from one of his coworkers; a series of

16   affidavits from (1) himself, (2) a licensed realtor and broker, and (3) a real estate

17   attorney; a spreadsheet listing the date, sender, and topic of sixteen emails; a

18   PowerPoint presentation regarding the re-election campaign of George Maragos,

1    the Nassau County Comptroller; a donation form from the Nassau Country

2    Comptrollers Breakfast Circle; a spreadsheet listing attendees of the Nassau

3    County Comptrollers Breakfast Circle and their contact information; a campaign

4    finance disclosure form provided by the New York State Board of Elections listing

5    contributors to the Friends of George Maragos; a report from the Nassau County

6    Comptroller entitled "Unresolved Abandoned Homes and Pending Foreclosures";

7    and an email from Genova to Denise Nicoletti (with George Maragos cc'd) in

8    which Genova notified Nicoletti of some health issues and asked Nicoletti about

9    Nassau County policies on using accumulated sick leave and vacation time.

10    Because Genova did not follow the local rules, the magistrate judge to whom the

11    motion was referred for a report and recommendation found that Genova

12    admitted the County's statements of fact, including the statement that Genova

13    "was terminated for poor work performance on or about March 14, 2016."  Special

14    App'x 15 (citing J. App'x 25).  Upon reviewing the magistrate judge's report and

15    recommendations, the district court adopted this finding and granted summary

16    judgment in favor of the County.

17          On appeal, Genova essentially argues that the district court was duty bound

18    to excuse his failure to comply with Local Rule 56.1 and was obliged to scour his

1    submissions in search of facts that might contradict those asserted in Defendant's

2    Local Rule 56.1 statement.  But our precedents make clear that although a district

3    court "may in its discretion opt to 'conduct an assiduous review of the record' even

4    where one of the parties has failed to file" a Local Rule 56.1 statement, the district

5    court "'is not required to consider what the parties fail to point out' in their

6    Local Rule 56.1 statements[.]"  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir.

7    2001) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000)).

8    Plaintiffs who ignore their obligations under Local Rule 56.1 do so at their own

9    peril: "In the typical case, failure to respond [to a Local Rule 56.1 statement] results

10   in a grant of summary judgment once the court assures itself that Rule 56's other

11   requirements have been met."  *T.Y.*, 584 F.3d at 418.  Put simply, we cannot say

12   that the district court erred in finding that Genova admitted that he "was

13   terminated for poor work performance," as asserted in the County's Local Rule

14   56.1 statement.  And given that admission, the district court did not err in

15   concluding that Genova failed to rebut the County's proffered legitimate non-

16   discriminatory reason for his termination as pretext.

17        Even if Genova's submissions had complied with Local Rule 56.1, that

18   would not have changed the outcome.  The magistrate judge considered Genova's

7

1  documents and concluded that the evidence did not support the inference that the

2  County's reason for terminating him was pretextual, Special App'x 19, and the

3  district court adopted that conclusion, *id.* at 38. Genova claims that there are

4  disputed facts that preclude the granting of summary judgment.  But the

5  purported facts Genova cites are immaterial.  At best, the documents submitted by

6  Genova reflect a difference of opinion regarding the quality of Genova's work.  But

7  Genova points to no facts suggesting that his termination was motivated by his

8  disability, as required to establish a claim under the Americans with Disabilities

9  Act.

10     We have considered Genova's remaining arguments and find them to be

11  without merit.  For the foregoing reasons, we **AFFIRM** the district court's grant of

12  summary judgment.

13

14                                    FOR THE COURT:

15                                    Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit